IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Bridget M. Postle, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 CV 50374 |
| | ) | |
| Bath & Body Works, LLC; et al., | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In the legal practice, deadlines matter. Schrier & Torres, *Before Midnight: Deadlines, Diligence, and the Practice of Law*, The Federal Lawyer, 68, 69 (December 2014).

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Plaintiff filed "Plaintiff's Motion for Leave to File Instanter Documents in Opposition to Motion for Summary Judgment" ("Motion"). [Dkt. #48] For the reasons that follow, the Motion is denied.

**FACTS**

The complaint in this case was filed on November 25, 2013. [Dkt. #1] The case is a straight-forward Age Discrimination in Employment Act case. The case was initially assigned to Magistrate Judge P. Michael Mahoney.

On February 10, 2014, the parties filed a proposed case management order. [Dkt. #22] On February 10, 2014, Magistrate Judge Mahoney entered an order essentially adopting the dates proposed by the parties, including that fact discovery

1

was to close by July 31, 2014. Judge Mahoney also set September 1, 2014, to file dispositive motions. [Dkt. #23]

On April 23, 2014, the case was transferred to the undersigned's calendar due to the impending retirement of Judge Mahoney. [Dkt. #29 -30] On April 30, 2014, the Court ordered the parties to submit a status report to inform the Court of the progress of discovery, among other things. [Dkt. #31] The order required the parties to state whether the case was proceeding in a manner that would allow the case to meet the deadlines established by the case management order. The purpose of requiring this information was to determine which cases were proceeding properly and which were dawdling. A secondary purpose was to provide a not-so-subtle hint that cases should proceed properly.

On June 16, 2014, the parties submitted the status report. [Dkt. #33] In response to the Court's query regarding the ability to meet deadlines, the status report stated the following: "Though the parties have diligently undertaken discovery efforts in this matter, the parties expect that an extension of the existing fact discovery cut-off and dispositive motion deadlines will be necessary due to the need to conduct additional discovery." [Dkt. #33, p.2] The status report established that Plaintiff's counsel had failed to timely respond to written discovery and that Defendant was awaiting Plaintiff's counsel to provide dates for Plaintiff's deposition. [Dkt. #33, pp. 2 – 3] The status report also indicated that Defendant expected to file a summary judgment motion. [Dkt. #33, p. 3]

After the Court received the status report, it held the initial status hearing on June 24, 2014. [Dkt. #36] At the initial status, Plaintiff's counsel stated that more time was needed to conduct discovery. Defendant's counsel agreed and asked for an additional sixty days to complete discovery. The Court warned the parties that they needed to be diligent in conducting discovery, not merely saying they were being diligent. Defendant's counsel informed the Court that a summary judgment motion would be filed. Thereafter, the Court entered an order extending fact discovery to September 30, 2014, stating in capital letters that it was the final extension. The Court also extended the date to file dispositive motions to October 31, 2014. [Dkt. #36]

Three months later, on September 19, 2014, Plaintiff's counsel filed a motion to extend the deadline to complete discovery. [Dkt. 37] The stated basis in the written motion was that Plaintiff's counsel was busily engaged in other matters. [Dkt. #37, pp. 1- 2] Plaintiff's counsel averred that if the motion to extend discovery were not granted, Plaintiff would be prejudiced because "she would have to proceed to trial without having had the benefit of obtaining at least written discovery responses from the defendants regarding the events of which she complains and any defenses raised by the defendants." [Dkt. #37, pp. 2-3] Plaintiff's counsel sought to extend the fact discovery deadline to November 21, 2014, and the dispositive motion deadline to December 22, 2014. [Dkt. #37, p. 3]

On September 25, 2014, the Court heard Plaintiff's motion to extend the deadlines. [Dkt. #39] At the hearing, Plaintiff's counsel presented a new and very

3

different reason why no discovery was issued. According to Plaintiff's counsel, he thought he had served discovery, but, in fact, discovered that he had not due to an oversight. Plaintiff's counsel was "dumbfounded" that he had failed to serve written discovery to date, and wanted time to do so. According to Plaintiff's counsel, the case "slipped through the cracks." [Dkt. #52-1, p.3] The Court entered an order, granting Plaintiff's motion to extend the deadlines. In doing so, the Court extended the deadline for fact discovery to November 21, 2014, and the deadline for dispositive motions to December 22, 2014. The Court warned that those date would not be moved. [Dkt. #39]

As it turns out, during the extension of discovery, Plaintiff's counsel issued no discovery requests and took no depositions. [Dkt. #55, p. 3; Dkt. #52-1, p.2]

During a November 25, 2014, telephonic status hearing, the Court confirmed that dispositive motions were due on December 22, 2014. In light of the holiday season and Plaintiff's counsel's busy schedule, the Court gave Plaintiff's counsel four weeks to file the response to the summary judgment motion – to January 19, 2015. The Court gave Defendant until February 2, 2015, to file its reply. [Dkt. #40]

On December 22, 2014, Defendant timely filed its summary judgment motion. [Dkt. ##42-44]

No response was filed on January 19, 2015.

On February 3, 2015 – the day after Defendant's reply brief was scheduled to be filed – Plaintiff's counsel filed the Motion.

**ISSUE**

Plaintiff's counsel seeks leave under Rule 6 to file a memorandum and Local Rule 56.1 statements of fact, as well as supporting documentation, *instanter* – fifteen days after the deadline to file those documents.

**CONTENTIONS**

Plaintiff's counsel contends that he should be allowed to file *instanter* Plaintiff's response to Defendant's summary judgment motion more than two weeks late because counsel met the excusable neglect standard of Rule 6(b)(1)(B). [Dkt. #48, 53]  Defendant opposes the motion, and filed a declaration. [Dkt. #52, 55, 57]

**LEGAL PRINCIPLES**

There is no dispute that Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard applies. [Dkt. #48] *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006).  This rule provides the following:  "When an act may or must be done within a specified time, the court may for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  In determining whether excusable neglect exists, the Supreme Court's factors identified in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380 (1993), apply under Rule 6. *Raymond*, 442 F.3d at 606.  These equitable factors include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith. *Id.* (citing

5

*Pioneer Investment Services*, 507 U.S. at 395). These factors are not weighted equally: the reason for the delay is the most important factor. *Graphic Communications International v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). The Seventh Circuit has repeatedly held that an attorney's busyness is not a sufficient reason to establish excusable neglect. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *Harrington v. Chicago*, 433 F.3d 542, 548 (7th Cir. 2006). Moreover, context matters in determining excusable neglect. Accordingly, courts consider whether the movant was previously dilatory. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593-94 (7th Cir. 2012); *Raymond*, 442 F.3d at 608.

**ANALYSIS**

After balancing the *Pioneer* factors and considering the history of Plaintiff's counsel's delays, in its discretion, the Court denies the Motion.

First, Plaintiff's counsel asserts that Defendant will not suffer any prejudice because he has graciously agreed to allow the Court to extend the time for Defendant to file its reply brief in support of its summary judgment motion. [Dkt. #48, pp. 2-3] Of course, this type of offer really adds nothing. Any rational court would allow the movant sufficient time to file its reply brief after the non-movant filed its response *after* the reply deadline. Moreover, prejudice can almost be assumed. Throwing off a briefing schedule will without doubt affect Defense

counsel's schedule and deadlines in other matters.[1]  Furthermore, Plaintiff's counsel's failure to meet the deadline has prejudiced the Court in at least two ways. First, Plaintiff's counsel's failure to timely respond has beget a series of filings the undersigned was required to analyze, as well as a contested motion upon which the Court was required to rule.  Second, Plaintiff's counsel's failure to timely respond disrupts District Court Judge Kapala's schedule to timely rule on summary judgment motions.  Counsel's delays have a cascading effect on the rest of the cases and motions pending in a busy court. *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996).

Second, the length of the delay weighs against granting the Motion.  The response to Defendant's summary judgment motion was not a day or two late or even a week late.  The response was two weeks late.  Courts have denied motions filed after shorter periods of delay. *See Raymond*, 442 F.3d at 604; *Ammons-Lewis v. MWRD*, 2012 U.S. Dist. LEXIS 170976, *3 (N.D. Ill. 2012) (one week late), *aff'd* 2013 U.S. App. LEXIS 22070 (7th Cir. 2013).  And, as other courts have commented,

---

[1] The *Pioneer* opinion and the case law following it focus on the prejudice to the non-movant. *See Raymond*, 442 F.3d at 606.  The Court, nevertheless, is concerned and considers the prejudice to Plaintiff for Plaintiff's counsel's failure, particularly because cases should be decided on their merits.  Certainly, the failure to file a response to a summary judgment motion can be fatal. *See, e.g., id.* at 611. But the grant of summary judgment is not a predetermined result.  Courts only grant summary judgment when the record shows that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(e)(3). Accordingly, courts have denied parties' motions for leave to file responses to summary judgment and have ultimately determined that the case should proceed, at least as to some claims. *See Koch-Weser v. Board of Education*, 2001 U.S. Dist. LEXIS 14044 (N.D. Ill. 2001).  In other words, the failure to respond to a summary judgment motion does not automatically require judgment in favor of the movant. *Raymond*, 442 F.3d at 608 ("[A] nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant."); *see also LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995).

7

Plaintiff's counsel could have simply filed a motion for an extension *before* the deadline, which would have allowed him to take advantage of the more forgiving standard under Rule 6(b)(1)(A). Fed. R. Civ. P. 6(b)(1)(A). Furthermore, Plaintiff's counsel did himself no favors by filing two other motions simultaneously with the Motion: (a) a motion to strike affidavits Defendant used in support of its summary judgment motion, and (b) a motion to strike Defendant's brief because the signature line fell onto page 16 of a brief that should have only been 15 pages. [Dkt. #42, 46] First, attempting to be a stickler for certain rules while simultaneously violating other rules takes a measure of nerve this Court cannot accept, particularly when one violation of the rules was so picayune. Second, a stickler for summary judgment rules would know that motions to strike affidavits filed in support of summary judgment motions are highly disfavored, particularly in this Court where that fact is noted prominently on its webpage. *Loeffel Steel Prods. v. Delta Brand*, 379 F. Supp. 2d 968, 971 n.2 (N.D. Ill. 2005). And Plaintiff's counsel compounded his misguided strategy by filing 53 statements of facts in response to the summary judgment motion, thereby violating Local Rule 56.1(b)(3)(C). These acts establish Plaintiff's counsel's hypocritical attempts to enforce procedural rules when he disregards similar rules.

Third, the reason for the delay weighs against granting the Motion. Indeed, Plaintiff's counsel's only proffered reason – busyness – is all but fatal to his motion. The Seventh Circuit has repeatedly stated that an attorney's busyness is not a sufficient basis to establish excusable neglect. *See Harrington*, 433 F.3d at 548

("[I]t is widely accepted that neglect due to a busy schedule is not excusable."). Moreover, because the reason for the delay is the most important factor for the Court to consider, the oft-rejected proffered reason of busyness is nearly futile.[2]

Fourth, the good faith factor is a mixed bag. Weighing in favor of granting the Motion is the fact that Plaintiff's counsel filed the response brief *instanter* instead of filing a motion for an extension and then seeking even more time to file the response. Weighing against this factor are the dilatory actions identified below. Moreover, as the uncontradicted declaration establishes, Plaintiff's counsel had multiple opportunities before the expiration of the deadline to ask Defendant's counsel for an agreement to extend the deadline, but failed to do so. [Dkt. #52-1, p. 3]

Plaintiff's counsel's other delays in this case further weigh against granting the Motion. Neither Magistrate Judge Mahoney nor the undersigned placed this case on a rocket docket. Instead, Magistrate Judge Mahoney entered a reasonable scheduling order consistent with the nature of the case. [Dkt. #23] Upon the transfer of the case to the undersigned, the Court *sua sponte* extended the deadlines. [Dkt. #36] Based upon the parties' status report and despite the representation that "the parties [had] diligently undertaken discovery efforts," it

---

[2] Having engaged in the private practice of law for over a decade, the undersigned is not entirely unsympathetic to Plaintiff's counsel. Being an attorney is time consuming. The undersigned recognizes that fact. But these days who among us is not busy? Indeed, because of the Court's extensive status hearings, motion-call calendar, recent suppression hearing and two upcoming trials (not to mention fully brief Social Security appeals awaiting rulings), this Memorandum Opinion and Order was drafted over a weekend. Unlike an attorney in private practice who can choose how many and what types of cases to take, the Court does not have that luxury. And because the Court was required to address the Motion, Plaintiff's counsel has simply added to the Court's workload.

9

was apparent that Plaintiff's counsel would not meet the scheduling order's deadlines set nearly five months before. [Dkt. #23; #33, p. 2-3] Thereafter, when Plaintiff's counsel filed a motion to extend the deadlines because he realized that inexplicably[3] he failed to serve or conduct any discovery, the Court accepted counsel's *mea culpa* and extended the deadlines so that Plaintiff's counsel could serve discovery. But in doing so, the Court emphasized that the deadlines were final. [Dkt. #39] However, the Defendant's uncontradicted declaration established that after the Court granted Plaintiff's counsel's request, he failed to serve *any* discovery.[4] [Dkt. #52-1, p. 2] Indeed, it appears that Plaintiff's counsel may have taken no discovery despite two requests to extend the deadlines to allow him to do so. Plaintiff's counsel's repeated delays and decisions to eschew the Court's extensions of deadlines weighs heavily against granting the Motion. Finally, nobody – including a federal judge – likes to feel that he was played for the fool.

Based on the *Pioneer* factors as well as Plaintiff's counsel's delay, this Court can comfortably exercise its discretion and deny the Motion. Moreover, multiple Seventh Circuit decisions further support denying the Motion. For example, in *Keeton v. Morningstar, Inc.*, 667 F.3d 877 (7th Cir. 2012) the Seventh Circuit affirmed the district court's denial of the plaintiff's motion for leave to file a response to a summary judgment motion *instanter* when he had previously been dilatory and he did not file the brief until 20 days after it was due. The Seventh

---

[3] At the motion hearing, Plaintiff's counsel claimed to be "dumbfounded" when he learned that he failed to serve any discovery.
[4] Defendant's declaration establishes other dilatory actions by Plaintiff's counsel, including failing to timely respond to written discovery. [Dkt. 52-1, p. 1]

Circuit affirmed even though the plaintiff's attorney had suffered a broken arm and was busy with other matters. Similarly, in *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006), the Seventh Circuit affirmed the district court's refusal to consider a late-filed response to a summary judgment motion despite the plaintiff's counsel's claimed busyness. Likewise, in *Dean v. Chicago Transit Authority*, 2005 U.S. App. LEXIS 1510 (7th Cir. 2005), the Seventh Circuit affirmed the district court's order denying the plaintiff's counsel's request to file a response to a summary judgment motion *instanter* that was filed two weeks after the deadline. The Seventh Circuit rejected the plaintiff's attorney's claimed busy schedule as an excuse. The Court chooses to rely on these decisions, particularly the *Dean* decision which is especially analogous, rather than the unpublished decision from the Northern District of Indiana upon which Plaintiff relies.

**CONCLUSION**

Plaintiff's counsel has failed to meet his burden of showing that excusable neglect prevented him from timely filing the response to the motion for summary judgment. Plaintiff's counsel's alleged busyness fails to meet the Seventh Circuit's excusable neglect standard. Indeed, established Seventh Circuit case law dooms the Motion. Court orders are not musings, suggestions or aspirational goals. Court orders should be taken seriously. When it becomes evident that a deadline will not be met, the best practice is to timely file a motion *before* the deadline. The failure to take this simple step places parties in the perilous circumstance of meeting the heightened standard of excusable neglect. *Spears*, 74 F.3d at 157 ("When parties

11

wait until the last minute to comply with a deadline, they are playing with fire.").

Accordingly, exercising its discretion, the Court denies the Motion.

Entered: February 9, 2015.

                                                           Iain D. Johnston
                                                          U.S. Magistrate Judge