**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| BRIDGET M. POSTLE, | ) |
| Postle, | ) Case No. 13 CV 50374 |
| | ) |
| v. | ) Hon. Frederick J. Kapala |
| | ) |
| BATH & BODY WORKS, LLC, et al., | ) Mag. Judge Iain David Johnston |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIDAVITS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Bath & Body Works, LLC ("BBW"), by and through its attorneys, for its Response to Plaintiff's Motion to Strike Defendant's Affidavits in Support of its Motion for Summary Judgment (Dkt. #46), in compliance with the Court's February 9, 2015 Order (Dkt # 60), states as follows:

1. In Plaintiff's Motion to Strike, she attacks several portions of the affidavit testimony BBW submitted in support of its motion for summary judgment. Predominantly, Plaintiff argues that this testimony is "hearsay."[1] However, as set forth more fully below, the testimony that Plaintiff attacks is not objectionable and must not be stricken from the record. Therefore, for the reasons stated herein, Plaintiff's Motion to Strike Defendant's Affidavits in Support of its Motion for Summary Judgment (Dkt. #46) must be denied.

2. This Court has held that "[a] motion to strike is disfavored and will only be granted if "the complained of materials are essentially unsupported by the record." *Smith v.*

---

[1] Plaintiff also seeks to strike testimony that she claims constitutes a "legal conclusion." (Paulsen Decl. ¶ 10; Johnson Decl. ¶ 16; Ertl Decl. ¶ 18.) However, there are no legal conclusions in the testimony that Plaintiff cites. Rather, the testimony merely articulates that the declarants did not discriminate against – i.e., treat differently – Plaintiff on the basis of her age. None of these witnesses testified about whether their actions were or were not in compliance with applicable law.

*Allstate Ins. Corp.*, No. 00 C 7822, 2001 U.S. Dist. LEXIS 13963, at *7 (N.D. Ill. Aug. 27, 2001).

3. Federal Rule of Evidence 801(c) defines "hearsay" as a statement that "the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Put plainly, "[h]earsay is an out of court statement that is offered for the truth of the matter asserted." *U.S. v. Hanson*, 994 F.2d 403, 406 (7th Cir. 2003).

4. As an initial matter, many of the alleged "hearsay" statements that Plaintiff seeks to strike are plainly not statements at all. *See* Johnson Decl. ¶ 8 (testimony that the declarant was "concerned" and, thereafter, "investigated the incident further."); *see also* Johnson Decl. ¶ 7 (testimony that declarant was approached by Ms. Jackson); Ertl Decl. ¶ 9 (testimony that declarant planned to visit the CherryVale BBW store to speak with Plaintiff, but was delayed as a result of her work schedule); Ertl Decl. ¶ 8, Paulsen Decl. ¶ 6 (testimony that declarants agreed with each other that Plaintiff's reported actions violated BBW's Code of Conduct and that her reported misconduct was grounds for termination.); Paulsen Decl. ¶ 7 (testimony that declarant received a telephone call from Plaintiff). Because these portions of the testimony are inarguably *not* out of court statements, they are not hearsay, and Plaintiff's motion to strike must be denied with respect to them.

5. Plaintiff also seeks to strike a portion of Ms. Paulsen's testimony as hearsay relating to statements that Plaintiff made to Ms. Paulsen over the phone. (Paulsen Decl. ¶ 7.) Because these statements were made by Plaintiff and are being offered against her, they are not hearsay.[2] *See* FED. R. EVID. 801(d)(2)(a) (a statement is not hearsay where "[t]he statement is

---

[2] This statement is also not hearsay because it is being offered to show the effect of the statement on Ms. Paulsen – that Ms. Paulsen honestly believed that Plaintiff had violated BBW's Code of Conduct.

offered against an opposing party and . . . was made by the party in an individual or representative capacity."). Plaintiff's motion to strike must be denied with respect to this testimony.

6. Oddly, Plaintiff further seeks to strike the testimony of Ms. Paulsen regarding the ages of relevant associates, in effect, moving to strike the only admissible evidence of the age of the associate who she claims replaced her. (Paulsen Decl. ¶¶ 1, 4, 11.) Plaintiff does so by suggesting that the semantics of Ms. Paulsen's testimony (i.e., based on *a* review, not *her* review) require her testimony to be stricken. This argument fails – Ms. Paulsen is clearly testifying in her capacity as a Human Resources Manager for the CherryVale BBW Store regarding her review of company records, and Plaintiff's motion must be denied with respect to this testimony. *See also* FED. R. EVID. 803(5). Again, to the extent Plaintiff's motion to strike challenges this testimony, it must be denied.

7. The remainder of Plaintiff's motion seeks to strike testimony that is not hearsay because it is *not* offered for the truth of the matter asserted; instead, as described below, this testimony is offered for its effect upon the listener.

8. "An out of court statement that is offered to show its effect on the hearer's state of mind is not hearsay." *Hanson,* 994 F.2d at 406; *see also U.S. v. Leonard-Allen*, Nos. 12-3299, 12-3663, 2013 U.S. App. LEXIS 18301, at *4 (7th Cir. Aug. 29, 2013) ("It is well accepted that "[a] witness's statement is not hearsay if the witness is reporting what he heard someone else tell him for the purpose of explaining what the witness was thinking at the time or what motivated him to do something."); *U.S. v. Inglese*, 282 F.3d 528, 538 (7th Cir. 2002) (testimony was not hearsay where "offered for the effect it had on the listener."). The remaining testimony that

Plaintiff claims is "hearsay" is offered precisely for this reason – showing the effect on the listener.

9. For example, Ms. Johnson's testimony regarding the contents of Caroline Jackson's report is not offered to show the truth of the matter asserted, or, in other words, is not offered to prove that Plaintiff actually grabbed and screamed at Ms. Jackson. (Johnson Decl. ¶ 7.) Rather, it is being offered to show the effect of this report on Ms. Johnson – i.e., that Ms. Johnson investigated Plaintiff's conduct as a result of the report.

10. The testimony regarding what Ms. Johnson learned during her investigation of Plaintiff's misconduct is offered – again, not to show that Plaintiff *actually* engaged in this behavior – but to show that Ms. Johnson honestly believed as a result of her investigation that Plaintiff engaged in this conduct, and, in turn, had violated BBW's Code of Conduct. (Johnson Decl. ¶ 10; Johnson Decl. Ex. A; Moberg Decl. ¶ 3.)

11. Similarly, the testimony relating to Ms. Johnson's communication to Ms. Ertl that (1) she had received a report that Plaintiff had engaged in misconduct, and (2) she later corroborated that report through an investigation, is not offered to show that Plaintiff *actually* engaged in this misconduct. (Ertl Decl. ¶¶ 6-7; Johnson Decl. ¶12.) Instead, they are used to demonstrate the effect on Ms. Ertl – i.e., that Ms. Ertl honestly believed that Plaintiff had engaged in misconduct.[3] For the same reason, Ms. Paulsen's communications to Ms. Ertl are not hearsay (Ertl Decl. ¶ 10; Ertl Decl. A; Paulsen Decl. ¶ 8; Paulsen Decl. Ex. B), nor are Ms. Moberg's and Ms. Jackson's communications to Ms. Ertl hearsay (Ertl Decl. ¶¶ 11-12; Moberg. Decl. ¶ 4). They are simply evidence of Ms. Ertl's honestly held belief that Plaintiff had engaged in misconduct. (*See id.*)

---

[3] Similarly, testimony that Ms. Ertl had informed Ms. Paulsen of Ms. Johnson's report is again to show the effect of the statement on Ms. Paulsen – i.e., that Ms. Paulsen honestly believed Plaintiff had engaged in misconduct, and, as a result, believed that termination of Plaintiff's employment was appropriate. (Paulsen Decl. ¶ 5.)

12. In sum, Plaintiff's attempt to strike this testimony is unsuccessful. At no time in BBW's Motion for Summary Judgment does it cite this evidence for the proposition that Plaintiff actually engaged in the reported misconduct. Rather, it is cited to demonstrate that, regardless of what Plaintiff now claims occurred or didn't occur during her altercation with Ms. Jackson, *everyone involved in the investigation of Plaintiff's reported misconduct and/or termination, at the time in question, honestly believed that she <u>had</u> engaged in this misconduct and, therefore, had violated BBW's Code of Conduct.* It was this belief that motivated Plaintiff's termination – <u>not her age</u>.

13. Therefore, for the foregoing reasons, BBW respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Affidavits in Support of its Motion for Summary Judgment (Dkt. #46).[4]

                                                     Respectfully submitted,

                                                     BATH & BODY WORKS, LLC

                                                   By: /s/ James K. Borcia

| | |
|---|---|
| James K. Borcia | Andrew C. Smith |
| TRESSLER LLP | Taryn M. Filo |
| 233 S. Wacker Drive | VORYS, SATER, SEYMOUR AND PEASE LLP |
| Chicago, IL 60606 | 52 East Gay Street |
| Telephone: (312) 627-4000 | Columbus, OH 43215 |
| Facsimile: (312) 627-1717 | Telephone: (614) 464-6400 |
| jborcia@tresllerllp.com | Facsimile: (614) 719-4788 |
| | acsmith@vorys.com |
| | tmfilo@vorys.com |

#633738

---

[4] To the extent the Court agrees with any of Plaintiff's contentions, the appropriate relief is to strike the identified portions of the testimony, as opposed to granting Plaintiff's requested relief of denying BBW's motion for summary judgment. *See Smith*, 2001 U.S. Dist. LEXIS 13963, at *7 (striking paragraphs of Defendant's declarant's testimony, but nonetheless considering Defendant's motion for summary judgment on the merits and granting the same).